UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

EKOUE DODJI ABOUSSA
IMAGES DES RIVES PHOTOGRAPHY

    v.                                      Civil No. 24-cv-129-LM

NEW HAMPSHIRE STATE POLICE
CONCORD POLICE DEPARTMENT
FEDERAL BUREAU OF INVESTIGATION

**REPORT AND RECOMMENDATION**

      Pro se plaintiff Ekoue Dodji Aboussa and his business, Images des rives Photography, sued the New Hampshire State Police ("NHSP"), the Concord, New Hampshire, Police Department ("CPD"), and the Federal Bureau of Investigation ("FBI"), claiming that defendants, individually or collectively, violated his rights. The NHSP and CPD move to dismiss the complaint. (Doc. Nos. 11 and 13). Pursuant to LR 72.1, the motions have been referred to the undersigned Magistrate Judge for a report and recommendation. For the reasons that follow, the district judge should grant defendants' motions.[1] Additionally, the district judge should, sua sponte, dismiss the claims against the FBI for lack of subject matter jurisdiction.

---

[1] Because Mr. Aboussa proceeds pro se, the court construes his amended complaint liberally. See Erikson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citations omitted) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). "Pro se status, however, does not insulate a party from complying with procedural and substantive law. Even under a liberal construction, the complaint must adequately allege the elements of a claim with the requisite supporting facts." Wood v. U.S. Bank, No. 22-cv-235-JL, 2023 WL 3867254, at *2 (D.N.H. June 7, 2023) (cleaned up).

## FACTUAL ALLEGATIONS

Mr. Aboussa's complaint (Doc. No. 1) is disorganized and difficult to follow. The court recounts his allegations against the two moving defendants separately.

### *Allegations Regarding Concord Police*

Mr. Aboussa first asserts that the CPD wrongfully handcuffed his brother on May 27, 2024. He alleges that this was the product of discriminatory intent because "[t]he entire family are being programmed and controlled by the FBI's radar without a warrant." Compl. (Doc. No. 1) at 2. Mr. Aboussa also alleges that on April 27, 2024, he was "locked up" at a Concord location "even though [he] told Concord Police that he was wrongfully programmed by racist FBI and put on FBI's list so that [they] can control him and his family[,] kill them and lock them up." Id. at 3-4. Mr. Aboussa claims that the CPD's actions violated the Electronic Communications Privacy Act, 18 U.S.C. § 2511 ("ECPA"), which prohibits, among other things, interception and disclosure of wire, oral, or electronic communications.

### *Allegations Regarding New Hampshire State Police*

Mr. Aboussa alleges that unnamed members of the NHSP stopped him in 2014 on Interstate 93 and "called the [FBI] to illegally program [him]" by using the "'FBI's controller that goes inside people . . . ." Compl. (Doc. No. 1) at 1. He further alleges that the NHSP "illegally stopped [him] in [his] vehicle while [he] was breaking no laws and placing them on the New Hampshire State Radar." Id. at 3.

## STANDARD OF REVIEW

The NHSP seeks dismissal on two grounds: lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Although the CPD invokes only the latter rule, the court is duty-bound to "inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5

(1st Cir. 2004); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the case."). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Accordingly, the court will consider whether it has subject matter jurisdiction over all of Mr. Aboussa's claims.

### A. Subject Matter Jurisdiction

"It is a bedrock rule that a party seeking to invoke the jurisdiction of a federal court must bear the burden of demonstrating the existence of such jurisdiction." Gordo-Gonzalez v. United States, 873 F.3d 32, 35 (1st Cir. 2017) (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)). "A patently insubstantial" complaint may be dismissed for want of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989) (citing Hagans v. Lavine, 415 U.S. 528, 536–537 (1974) (federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit") (citation omitted); Bell v. Hood, 327 U.S. 678, 682–683 (1946)).

### B. Failure to State a Claim

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court asks whether the plaintiff made allegations in the complaint that are sufficient to render an entitlement to relief plausible. See Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013). The court accepts all well-pleaded facts as true and draws all reasonable inferences in the non-moving party's favor. Hamann v. Carpenter, 937 F.3d 86, 88 (1st Cir. 2019). The court, however, disregards conclusory allegations that simply parrot the applicable legal standard. Manning, 725 F.3d at 43.

## DISCUSSION

The assertions in the complaint, which are essentially restated in Mr. Aboussa's objections to the instant motions (Doc. Nos. 15 and 16), fall squarely within the standard set forth in Neitzke. Mr. Aboussa's allegations do not give rise to any nonfrivolous claim sufficient to invoke this court's subject matter jurisdiction. His allegations of harassment stemming from "remote mind control," are precisely the sort of allegations that courts, including this one, have dismissed as factually frivolous. See, e.g., Fisherman v. Doe, No. 22-cv-246-SE, 2023 U.S. Dist. LEXIS 23614 (D.N.H. Jan. 9, 2023) (recommending dismissal of complaint alleging "satellite based neural monitoring" to suppress evidence of the plaintiff's innocence of criminal charges), report and recommendation adopted, 2023 U.S. Dist. LEXIS 22715 (D.N.H. Feb. 10, 2023).

Indeed, as Chief Judge McCafferty recently noted in an order dismissing a different case brought by Mr. Aboussa:

> Aboussa's complaint is almost entirely premised on allegations that the government has "programmed" him, his family, and some of the defendants as well. According to Aboussa, this mind control – potentially initiated because of racial animus – led to his termination from New Hampshire Hospital, his involuntary emergency admission to Concord Hospital and New Hampshire Hospital, and other harms. Aboussa's claims, to the extent they are related to allegations of mind control by the government must be dismissed. See, e.g., Aboussa v. Keystone Mgmt. Co., No. 23-cv-11-LM, 2023 WL 5311620, at *3 (D.N.H. June 27, 2023) (collecting cases and recommending dismissal of Aboussa's similar allegations in a different case on the same grounds), R&R adopted, 2023 WL 5308009 (D.N.H. Aug. 16, 2023).

Aboussa v. New Hampshire, No. 22-CV-284-LM, 2023 WL 6317936, at *3 (D.N.H. Sept. 28, 2023).

Chief Judge McCafferty's reasoning supports dismissal of the bulk of Mr. Aboussa's complaint in this case for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), as the complaint is almost entirely reliant on his allegation of "remote mind control." Moreover, even ignoring these allegations, the remainder of the complaint fails to satisfy Rule 12(b)(6) as it

contains only bare allegations of "being stopped" or "locked up" without any information "'as to who did what to whom, when, where, and why,' in order to 'give the defendants fair notice of what the claims are and the grounds for those claims.'" Aboussa v. U.S. Postal Serv., No. 23-CV-393-LM, 2024 WL 498113, at *2 (D.N.H. Jan. 18, 2024) (quoting Ruiz-Rosa v. Rullan, 485 F.3d 150, 154 (1st Cir. 2007)), report and recommendation adopted sub nom. Aboussa v. US Postal Serv., No. 23-CV-393-LM, 2024 WL 497702 (D.N.H. Feb. 7, 2024).

Finally, although it did not file a separate motion to dismiss,[2] any claims against the FBI should also be dismissed for lack of subject matter jurisdiction based on the reasoning outlined above. See Fed. R. Civ. P. 12 (h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## CONCLUSION

Based on the foregoing, the motions to dismiss filed by CPD and NHSP (Doc. Nos. 11 and 13) should be granted. In addition, the court should sua sponte dismiss the claims against the FBI. Finally, to the extent that Images des Rives photography has asserted separate claims, they should be dismissed without prejudice.[3]

---

[2] Although Mr. Aboussa filed two documents labelled as returns of service on the FBI (Doc. Nos. 6 and 14), it is not clear that service was completed in accordance with Rule 4 of the Federal Rules of Civil procedure. Given the court's analysis, however, it need not resolve any potential service-related issues.

[3] Citing LR 83.6(c) and 28 U.S.C. § 1654, the defendants argue that Mr. Aboussa should not be permitted to prosecute claims on behalf of his business. The First Circuit Court of Appeals has interpreted section 1654 as permitting a pro se litigant to represent only himself. O'Diah v. Volkswagen of Am., Inc., 91 F. App'x 159, 160 (1st Cir. 2004); but see Bowers v. Denali State Bank, No. 421CV00007SLGDMS, 2021 WL 5871532, at *2 (D. Alaska Aug. 26, 2021), report and recommendation adopted, No. 421CV00007SLGMMS, 2021 WL 5015601 (D. Alaska Oct. 28, 2021) ("In the Ninth Circuit, sole proprietors "may proceed pro se" under § 1654 because "[a] sole proprietorship has no legal existence apart from its owner.") (quoting Sharemaster v. U.S. Sec. & Exch. Comm'n, 847 F.3d 1059, 1066 n.4 (9th Cir. 2017)). Accordingly, while the claims asserted by Images do not meet the required standards of Rule 12(b)(6) because the complaint lacks any

In addition, the court notes that this is the sixth lawsuit Mr. Aboussa filed based, in whole or part, on his claim of remote or electronic "mind control."[4] Each of the previous suits were dismissed at an early stage. Mr. Aboussa is cautioned that future filings based on the same allegations may result in filing restrictions, up to and including enjoining him from filing similar suits. See Cok v. Fam. Ct. of Rhode Island, 985 F.2d 32, 34-35 (1st Cir. 1993) ("Federal courts plainly possess discretionary powers to regulate the conduct of abusive litigants.").

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

July 15, 2024

cc:   Ekoue Dodji Aboussa, pro se
      Counsel of Record

---

facts alleging conduct aimed at the entity dismissal of the claims brought by Images should be without prejudice.

[4] See Aboussa v. U.S. Postal Serv., No. 23-cv-393-LM (filed Aug. 11, 2023; dismissed Feb. 7, 2024); Aboussa v. Central Intelligence Agency, No. 23-cv-24-JL (filed Jan. 17, 2023; dismissed May 18, 2023); Aboussa v. Keystone Mgmnt. Co., No. 23-cv-11-LM (filed Jan. 11, 2023; dismissed Aug. 17, 2023): Aboussa v. Community Bridges, No. 22-cv-567-SE (filed Dec.28, 2022; dismissed May 15, 2023); Aboussa v. State of N.H., No. 22-cv-284-LM (filed July 7, 2022; dismissed Sept. 28, 2023).